**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4114**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS REY GONZALEZ, a/k/a Fernando Hernandez Gonzalez,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, Chief District Judge. (7:17-cr-00010-MFU-1)

Submitted: September 18, 2018                     Decided: September 20, 2018

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Frederick T. Heblich, Jr., Interim Federal Public Defender, Charlottesville, Virginia, Christine Madeleine Lee, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Rey Gonzalez appeals the 63-month sentence imposed following his guilty plea to illegal reentry, in violation of 8 U.S.C. § 1326 (2012). Gonzalez was sentenced above the 2-year statutory maximum generally applicable to illegal reentry offenses, *see* 8 U.S.C. § 1326(a), based on the sentencing court's finding, by a preponderance of the evidence, that Gonzalez previously was removed subsequent to a felony conviction and, thus, was subject to an enhanced statutory maximum of 10 years, *see* 8 U.S.C. § 1326(b)(1). On appeal, Gonzalez contends that his sentence is illegal because the fact of his prior conviction was not charged in the indictment or found by a jury beyond a reasonable doubt. We affirm.

As Gonzalez acknowledges, his argument is foreclosed by authority from both the Supreme Court and this Court. Generally, the Due Process Clause and the Sixth Amendment require any fact raising the statutory maximum or mandatory minimum penalty for an offense to be charged in the indictment, "submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 476, 490 (2000) (statutory maximums); *see Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013) (extending rule to mandatory minimums). The Supreme Court has recognized an exception to this rule, however, for "the fact of a prior conviction." *Apprendi*, 530 U.S. at 490. Under that exception, the Constitution permits a judge to find the fact of a prior conviction by a preponderance of the evidence, even if the finding enhances the statutory maximum or mandatory minimum penalty for the current offense. *Almendarez-Torres v. United States*, 523 U.S. 233, 247 (1998).

2

In *United States v. McDowell*, 745 F.3d 115 (4th Cir. 2014), we recognized the application of *Almendarez-Torres* to cases in which the defendant does not concede, or affirmatively disputes, the existence of the prior conviction. *Id.* at 123-24. In so doing, we recognized that more recent Supreme Court authority had called *Almendarez-Torres* into question, but we concluded that we were bound to apply the holding in *Almendarez-Torres*, even where the justifications originally animating that holding did not apply. *Id.* at 124.

Here, Gonzalez argues that *Almendarez-Torres* was wrongly decided, noting that concurrences in recent Supreme Court authority have cast doubt on its continued vitality. Gonzalez also argues that *McDowell* represents an unjustified expansion of the *Almendarez-Torres* exception. "Although the Supreme Court has expressed doubt about the continuing validity of *Almendarez-Torres*," however, "it 'remains good law, and we may not disregard it unless and until the Supreme Court holds to the contrary.'" *United States v. Bullette*, 854 F.3d 261, 264 n.2 (4th Cir. 2017) (quoting *McDowell*, 745 F.3d at 124). Further, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." *United States v. Bullard*, 645 F.3d 237, 246 (4th Cir. 2011) (internal quotation marks omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*